LATHROP GAGE L.C. LAW OFFICES

MARK F. (THOR) HEARNE, II
(314) 613-2522
EMAIL: THOR@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

THE EQUITABLE BUILDING
10 S. BROADWAY SUITE 1300
ST. LOUIS, MISSOURI 63102-1708
(314) 613-2500, FAX (314) 613-2550

September 24, 2003

Ms. Dianne J. Miller
Mr. Robert N. Miller
551 High Meadows
St. Louis, Missouri 63131

Re: Representation of Dianne and Robert Miller and all those similarly situated in potential Tucker Act claim for the United States Government's taking of property

Dear Dianne and Bob:

I promised to send you this letter outlining the terms of my representation of you and the class in the proposed takings litigation before the United States Court of Federal Claims. I have completed the research necessary to draft the Complaint and am now ready to file suit in the Court of Federal Claims. I have delayed filing this case while awaiting a decision by Judge Bruggink of the Court of Federal Claims, who is the judge in *Grantwood Village v. U.S.*, *Illig v. U.S.* (the ongoing class action involving another segment of Grant's Trail), and *Moore v. U.S.* (the ongoing class action involving the Katy Trail), on a number of issues which will impact the litigation of the action in which I will represent you and the manner in which the Complaint is drafted.

The purpose of this letter is to confirm the terms of my representation of you and the class in this takings claim against the United States Government to be filed on your behalf in the Court of Federal Claims and in all matters related to this action, including the research and preparation of the litigation, investigation of real estate title, and any appeals of this matter. As we have discussed, I will represent you and the class in the claim against the United States for the taking of property through conversion of the former Missouri Pacific Railroad right-of-way for trail use. In the course of this representation I will use the resources of my law firm Lathrop & Gage L.C. (hereinafter referred to as the "Firm") and the professional services of other attorneys and paralegals with my Firm or with other firms as may be necessary. Initially, I expect to have two of our associates, Amy Marchant and Bob Sears, aid me in this case. The professional fees and expenses will be paid according to the understanding outlined below and any potential conflict of interest will be defined and resolved as is also noted below.

EXHIBIT 6

STLDOCS 88929v2

1. Identity of Client: Scope of Representation

The client, for purposes of this representation (and any additional services provided in the course of this representation), is Ms. Dianne J. Miller and Mr. Robert N. Miller and all those similarly situated who participate in the class action.

You have engaged me and my Firm to advise and represent you in connection with the claim for compensation for that property interest taken (and any damages suffered) when the Missouri Pacific Railroad right-of-way was abandoned and converted to trail use by reason of the federal National Trails System Act and/or action or decision of the Surface Transportation Board or other entities acting in reliance upon this federal legislation or action of the Surface Transportation Board. This representation includes a claim to be filed in the United States Court of Federal Claims and all related issues including research related to determining the title to and the value of the real estate involved in the claim. If you request and we agree to provide services with respect to additional and related matters, the terms of this letter will apply to those additional services unless superseded by another written agreement between us.

2. Fees and Expenses

If you and the class do receive a judgment entered against the U.S. Government for a finding of liability for the taking of the property referenced in this letter, you and the class will be obligated to pay professional fees as follows.

My professional fees (and those of my Firm) will be based on the amount of time spent by me and the other lawyers and paralegals and support staff on your behalf. The professional fees for each lawyer and paralegal at the Firm will be equal to the National Hourly Rate for each attorney or paralegal as established from time to time by Lathrop & Gage L.C. (the "National Rate"). The National Rate for each lawyer or paralegal will be multiplied by the number of hours spent by each lawyer or paralegal (measured in tenths of an hour) to determine the professional fees.

Further, the National Rate for all professional services provided shall be that National Rate effective at the time that you and the class receive payment of compensation by the U.S. Government, regardless of the date on which those professional services were provided.

The matter in which I will be representing you and the class is one in which it is contemplated that if a judgment is entered against the U.S. Government for a finding of liability for the taking of your property, you and the class will be entitled to be reimbursed for your attorneys' fees, expenses, and other professional fees pursuant to federal statute and the U.S. Constitution. To the extent that you and the class receive such an award of attorneys' fees and expenses, we shall be entitled to the amount determined according to the forgoing understanding

for how my and the Firm's fees are to be determined. To the extent that the United States Court of Federal Claims (or any appellate court or related tribunal) may find that the attorneys' fees for my and the Firm's representation of you are in an amount greater than that amount provided for above, we shall be entitled to the greater amount.

**The obligation of you and the class to pay professional fees is subject to the following contingency. Should you and the class not receive a judgment entered against the U.S. Government for a finding of liability for the taking of the property referenced in this letter, you and the class will not be obligated to pay any attorneys' fees to me or to my firm.**

In recognition of the fact that my fees and Lathrop & Gage L.C.'s National Rates for the professional services of its lawyers and paralegals are established for matters in which the payment of the fees is not subject to the risk of a contingent provision and in which fees are paid as accrued, on a regular basis, we shall be entitled to the greater of either: (1) our professional fees as calculated according to the forgoing understanding for how my and the Firm's fees are to be determined; or (2) one-third (1/3) of the total recovery received by you and the class for the value of the property taken. This total recovery shall include any interest and mitigation costs, as well as compensation for the value of the property taken.

3. Payment of Costs and Miscellaneous Terms

Additionally, it is understood and agreed that you and the class shall be responsible for payment of the actual expenses of this litigation, including (but not limited to) the following: costs for obtaining copies of documents; expert witness fees (including any appraiser fees) for appearing at trial, deposition, or in consultation with us; court filing fees; deposition costs; photographs; copying charges; out-of-pocket expenses by attorneys or paralegals; travel expenses; investigation expenses; overtime charges for staff and support personnel; and any other actual out of pocket expenses incurred pursuant to this representation.

**This obligation to reimburse me or my Firm for any advanced expenses shall be contingent upon a successful judgment against the United States.**

4. Staffing

I will be the attorney of record in this matter and the attorney responsible for this engagement. Although I will be the one primarily responsible for this engagement, various portions of the work may be delegated to other members of the Firm, associate, staff, and of counsel lawyers, and paralegals, as I deem appropriate in the circumstances. As noted above, I expect to have Amy Marchant and Bob Sears aid me in the litigation.

5. Conflicts of Interest

The Firm and I represent many other clients, and some of our present and future clients may have disputes, transactions or other dealings with you and/or members of the class during the time that we are representing you in this matter. The Firm will not represent any other client in any matter that is the same as or substantially related to this claim in which we are representing you and the class if such other client's interest is directly or materially adverse to your interest or that of the class. Further, neither the Firm nor I will use any information relating to our representation of you and the class except as permitted by applicable rules of professional conduct. Except as provided in the preceding two sentences, the Firm will have the right to continue to represent or to undertake to represent existing or new clients in matters in which the interests of those clients are adverse to your interests, including litigation, transactional and other dealings in which you are a party or are otherwise interested.

Parties who are adverse to you in matters in which we represent you may, from time to time, seek to retain us to represent them in unrelated matters. We will have the right to represent any such party so long as the matter in which we represent it is not substantially related to any matter in which we represent you and we believe that the representation of that party will not adversely affect our relationship with you.

If, notwithstanding your consent, the Firm or I conclude that we cannot or should not continue to represent you, the Firm will have the right to withdraw immediately from its representation of you and/or the class.

Should you have any questions about these terms or other aspects of my or my Firm's representation of you and/or the class, please let me know. I look forward to working with you in this matter and pursuing, I hope, a successful result.

Very truly yours,

LATHROP & GAGE L.C.

By: Mark F. (Thor) Hearne, II

Accepted by:

Dianne J. Miller

Robert N. Miller