# In the United States Court of Federal Claims

No. 03-2489L
(Filed: November 17, 2006)

* * * * * * * * * * * * * * * * * * * * * *
DIANNE J. MILLER, ROBERT N. MILLER, and LISA M. SHANIKA, For Themselves and as Representatives of a Class of Similarly Situated Persons,

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant*.
* * * * * * * * * * * * * * * * * * * * * *

ORDER

This is a class action in which plaintiffs seek compensation for the imposition of an easement for recreational trail use on their land in St. Louis County, Missouri. The parties seek approval of their proposed settlement pursuant to Rule 23(e) of the Rules of the United States Court of Federal Claims ("RCFC").

The case originates from the imposition of an easement for a public access recreational trail on the property of the plaintiffs in August 1999. The named plaintiffs, Dianne J. Miller, Robert N. Miller and Lisa M. Shanika, signed an engagement agreement with plaintiffs' counsel with a contingent fee arrangement providing for one-third of the total recovery. The action was certified as an opt-in class action. After some class applicants were eliminated, a total of 93 plaintiffs remained at settlement.

Early on, the United States indicated it would not contest liability, although other contested issues remained. The government successfully challenged two claimants on grounds that the railroad obtained the property by a deed conveying a fee title rather than an easement. *Miller v. United States*,

67 Fed. Cl. 542 (2005). The correct interest rate figure to be used in calculating delay damages was also contested. Plaintiffs substantially prevailed, adding well over $1 million to the government's proposed figure. Finally, although the matter of statutory fees was ultimately settled, it was the subject of dispute.

The property of plaintiffs was valued by a common appraiser agreed upon by both the government and plaintiffs. Each party then conducted an independent review of the valuation. Following the review, class counsel proposed a settlement.

After negotiation between the parties, the following settlement terms were proposed: $4,691,244.00 for the aggregate total value of the property interest taken from all owners; $2,690,438.73 for interest calculated using the Moody's Aaa rate in effect on the day of taking; $740,000.00 for Uniform Real Property Relocation Act (URA)[1] attorney fees; and $30,000.00 for the reimbursement of expenses advanced by class counsel. The government will thus pay into a common fund a total of $8,121,682.73, representing principal, interest and URA attorney fees. $30,000 will also be reimbursed for expenses. The total final judgment will therefore be $8,151,682.73. After deduction of expenses and fees, plaintiffs' counsel will then pay the remainder to plaintiffs in the proportion shown in the proposed settlement.

Class counsel also seek court approval for the amount of attorney fees to which they are entitled. They seek one-third of the total amount in the common fund, or $2,707,227.58.

A notice indicating the terms of the settlement and notifying class members of an opportunity to object to the proposal or to the fee request was sent out pursuant to RCFC 23(e). A fairness hearing was announced for, and held on, November 15, 2006 at 9:00 a.m. in St. Louis, Missouri.

---

[1] "[T]he Attorney General effecting a settlement . . . shall determine and award or allow to such plaintiff, as a part of such . . . settlement, such sum as will in the opinion of the court or the Attorney General reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding." 42 U.S.C. § 4654(c)(2000).

Two written objections were received. One objection was raised by Mr. Warren Peterson. Mr. Peterson did not appear at the fairness hearing. Mr. Peterson objects to joint payment of compensation to both Mr. Peterson and his ex-wife, Gretchen Peterson. It is uncontested that as of the date of the taking of the property, title to that parcel was held by both Mr. Peterson and his then-wife; at the time of the entry, Mr. Peterson was still married and the property was jointly owned. We agree that payment should be made jointly; compensation must be made with respect to ownership status as of the date of taking. Class counsel have explained to Mr. Peterson that he might wish to pursue the issue with the Missouri Family Court.

The only class member who appeared at the hearing was Mr. Jim Reid. Mr. Reid does not object to the overall settlement or the one-third contingency fee arrangement. He objects, however, to class counsel's obtaining one-third of the $740,000.00 URA attorney fee amount to be paid by the government. In other words, Mr. Reid argues that class counsel are entitled to $2,442,807.58, which represents one-third of the total amount in the common fund, less statutory attorney fees. In support of his argument, Mr. Reid points to the original retention letter, which states that class members "will be entitled to be reimbursed for [their] attorneys' fees, expenses, and other professional fees pursuant to federal statute and the U.S. Constitution." (Pls.' Am. Mem. Ex. 1.) He further points out that the letter did not specifically include URA attorney fees in the total sum from which the class counsel would receive one-third. Mr. Reid claims that permitting class counsel to receive one-third of the URA attorney fee would be tantamount to awarding "attorney fee upon attorney fee."

In response, class counsel cite *Boeing v. Van Gemert,* 444 U.S. 472 (1980) for the proposition that counsel representing a class is "entitled to a reasonable attorney's fee from the fund as a whole." *Id*. at 478. *Boeing* does not deal directly with the issue of the inclusion of statutory attorney fees. Rather, it deals with whether recoveries for unnamed class members should be included in calculating the attorney fee award. The court concluded they should. *Id*. at 481.

Counsel argue that they were able to increase the total "benefit" to be received by the class members by negotiating a larger statutory attorney fee to be reimbursed by the government. Class counsel also explain that the original engagement letter indicated that the contingency fee would be imposed on "mitigation costs," which they suggest should include the URA attorney fees.

Class counsel also cite *Moore v. United States*, 63 Fed. Cl. 781, 789 (2005), where this court granted attorney fees, which it characterized as roughly equivalent to 34% of the total amount of the common fund including URA attorney fees.

The United States maintains no position on the issue of the fee arrangement. It argues merely that the URA settlement was appropriate.

Based on the representations from both parties, as well as the fact that no class member objects to the overall settlement, the court accepts as fair, adequate, and reasonable the proposed settlement as to principal, interest, URA attorney fees, and expenses. The question of attorney fee structure, the only issue being challenged by Mr. Reid, remains.

In *Moore*, we considered several alternative approaches to this very issue: a fee under a lodestar approach; accepting the 40% rate requested by class counsel but not including URA attorney fee amount in the total; or, granting one third of the whole recovery, including URA attorney fees. *Id*. at 789. There, we awarded a fee equivalent to 34% of the total award including statutory fees. While we found that to be slightly higher than the median percentage in class actions, we found it acceptable in light of the complexity of the litigation and the high risk of non-recovery. *Id*.

Here, it is the court's view that the issues are not as complex as earlier "rails-to-trails" cases, *see Glosemeyer v. United States*, 45 Fed. Cl. 771 (2000), and therefore, the risk of non-recovery was not as high. The lack of clarity in the engagement letter as to the inclusion of statutory attorney fees in the base for calculating the contingency fee is also of concern to the court. While we do not view a percentage of total recovery, including URA attorney fees, as per se improper, it is sufficiently counter-intuitive that it would be better spelled out clearly up front in the engagement letter.

At the same time, the court recognizes that class counsel successfully pursued the issue of the correct interest rate to the benefit of the class, oversaw the administrative complexities of valuation, and actively pursued settlement. Counsel, moreover, did an excellent job throughout the litigation. If fees were calculated on an hourly basis, counsel suggest they amount to approximately $2.0 million. Because of the inherent risk of non-recovery in a contingency fee arrangement, moreover, we believe counsel are entitled to more than $2.0 million. On balance, this court concludes that a fee award of $2.5 million is

a reasonable recovery for class counsel.

Accordingly, the court adopts the settlement proposal. The Clerk is directed to enter judgment in the total amount of $8,151,682.73 consisting of principal, interest, URA attorney fee reimbursement, and expenses, as set out above. Counsel may, prior to distribution to class members of the balance in the proportion set out in the settlement proposal, recover from the total judgment attorney fees of $2,500,000, along with $30,000 in expenses. The net payment of compensation to the class members will then be adjusted proportionately. The Clerk is directed to enter final judgment accordingly. No other costs.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge